UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES THOMAS NALL, II,                                                     Plaintiffs
ADMINISTRATOR OF THE ESTATE OF
JAMES DERRICK NALL, DECEASED,
T.N., A MINOR, BY HIS NEXT FRIEND,
EVA MILES, AND A.N., A MINOR, BY
HER NEXT FRIEND, EVA MILES.

v.                                                        Civil Action No. 3:20-cv-561-RGJ

MICHAEL DAVID JORDAN, R.N., ET AL.                          Defendants

**MEMORANDUM OPINION & ORDER**

The Parties filed a Sealed Joint Motion to Approve Minor Settlement. [DE 86]. For the reasons below, the motion is **GRANTED**.

**I.     BACKGROUND**

Plaintiff James Thomas Nall, as the Administrator of the Estate of James Derrick Nall, and Plaintiff Eva Miles, as next of friend of James Derrick Nall's minor children, T.N., and A.N. (collectively "Plaintiffs") have claims against Michael David Jordan, RN, Betsy Ramey, ARPN, Alyssa Walls, RN, Sarita Schoenbchler, RN, and Wellpath, LLC, for deliberate indifference to medical needs under 42 U.S.C.1983, and medical negligence.[1] [DE 64, Sec. Am. Comp.]. The Court was advised that a settlement was reached on all matters in this case. [DE 79]. Now pending before the Court is the parties' Sealed Joint Motion to Approve Minor Settlement (the "Motion").[2] [DE 86].

---

[1] Plaintiffs' claims again Defendants Nathan Vincent, Jesse Coombs, David Crawford, Marvin Lockett, Austin Sheets, Robert Bearden, and Mark Bohleber were dismissed by agreement. [DE 82].
[2] The entire motion was sealed pursuant to the Magistrate Judge's order [DE 85] granting leave to file under seal.

1

## II. STANDARD

The Motion asks the Court to approve the proposed apportionment of the settlement to Plaintiffs' counsel and the parties. Generally, it is neither required nor appropriate for the Court to approve settlement agreements. *Gilstrap v. Sushinati LLC*, No. 1:22-CV-434, 2024 WL 2197824, at *8 (S.D. Ohio May 15, 2024) citing *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 835 (3d Cir. 1995). But because this case asserts federal claims in a federal forum and the parties' settlement involves minors, the Court has a duty under Sixth Circuit authority to "ma[k]e an independent determination that the settlement[s]" are in the minors' "best interest." *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997). Accordingly, the Court must determine whether the proposed settlement is in the minor children's best interest. In doing so, the court must consider the reasonableness of the attorney fees provided for in the settlement terms. *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988).

## III. ANALYSIS

Because decedent James Derrick Nall's minor children, T.N. and A.N., are his sole heirs and their consortium claims are derivative of the wrongful death claim, all settlement funds, less fees, and expenses, will be paid to them. [DE 86 at 781]. The Plaintiffs' Motion sets forth the amount of the settlement, how the settlement funds will be distributed, and attaches the settlement agreement for the Court's review. [DE 86]. First, 40% of the gross total settlement will be paid to Plaintiffs' counsel. [DE 86 at 782]. Then expenses, which amount to less than 5% of the gross total settlement amount, will be deducted. [*Id.*] And finally, the remainder is paid to the two minor children. [*Id.*]

This case has been pending since 2020 and involved an alleged wrongful death caused by medical malpractice and deliberate indifference and was litigated up through the Defendants' filing

of a motion for summary judgment. The Court has reviewed the parties' pleadings, the motion for summary judgment, and the record. Voluminous medical and jail records were produced through discovery between eleven different parties, there were eleven fact depositions, Plaintiffs retained three experts, and Defendants filed a motion for summary judgment. [DE 70, Def. Mot. For Sum. J., DE 86 at 782–83]. Considering record, the apportionments under the settlement agreement, including the 40% contingency fee and cases expenses, appear reasonable. In addition, the distribution of the settlement proceeds to the two minor children will be subject to the approval of the Marion County District Court, which has jurisdiction over the two minor children. [DE 86 at 782]. Thus, the agreement is in the minor children's best interest.

The Motion and attached settlement agreement are under seal. The Sixth Circuit has recognized that a "strong presumption" exists in favor of keeping court records open to the public. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-79 (6th Cir. 1983) ("Throughout our history, the open courtroom has been a fundamental feature of the American judicial system."). In determining whether to seal a document, "a court must balance the litigants' privacy interests against the public's right of access" given the strong presumption of openness. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). But those instances must still be justified on a "on a document-by-document, line-by-line basis," whether such a seal is justified under the standards in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299 (6th Cir. 2016). A need to protect the privacy and welfare of minors can justify sealing court records in certain circumstances. *See, e.g.*, *Davis v. Alcoa, Inc.*, No. 17-13658, 2019 WL 3346075, at *2 (E.D. Mich. June 10, 2019) ("The Court finds, nevertheless, that concern for the welfare of the minor and impaired adult beneficiaries [in the case] supplies a sufficiently compelling basis to warrant sealing of the terms of the settlement agreements in this

instance."). Here, the indiscriminate sealing of the parties' motion along with the entire settlement agreed was unjustified. The Court will permit the attached settlement agreement [DE 86-2] to remain under seal. However, the parties shall file a redacted version of the Motion within five days of the entry of this order; otherwise, at that time the Clerk of Court will be directed to unseal it. The redacted version shall only redact on a line-by-line basis the information which is confidential under the parties' settlement agreement.

## IV. CONCLUSION

Accordingly, the reasons stated above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the parties' Joint Motion to Approve Minor Settlement [DE 86] is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties shall file an unsealed, redacted version of the Motion [DE 86] and proposed order [DE 86-1] **within 5 days of the entry of this order**; should no unredacted motion and order be filed within the time provided, the Clerk of Court is directed to UNSEAL docket entry [DE 86] and [DE 86-1].

**IT IS FINALLY ORDERED** that this matter is closed and stricken from the record.

Rebecca Grady Jennings, District Judge
United States District Court

September 17, 2024

4